JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAMA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NISSAN NORTH AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 5:23-cv-00524-FLA (SHKx)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

### RULING

On March 24, 2023, Plaintiff Adama Johnson ("Plaintiff") initiated this action against Defendant Nissan North America, Inc. ("Defendant") and DOES 1 through 10. Dkt. 1 ("Compl."). The Complaint alleges three causes of action, all stemming from the Song-Beverly Act. *Id.* Plaintiff alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 2.

On July 31, 2023, the court ordered the parties to show cause why the action should not be dismissed for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 17. Both Plaintiff and Defendant filed responses. Dkts. 19 ("Pltf. Resp."), 20.

Having reviewed the Complaint and the responses to this court's Order to Show

Cause, and for the following reasons, the court finds Plaintiff fails to establish subject matter jurisdiction and accordingly DISMISSES this action.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A. Actual Damages

At issue here is whether the amount of money Plaintiff places in controversy with her three Song-Beverly Act claims is sufficient. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This includes a mileage offset. The offset is calculated

by reducing the purchase price by an amount directly proportional to the number of miles driven. *See id.* § 1793.2(d)(2)(C).

Here, Plaintiff argues her prayer for actual damages places $44,956.98 in controversy, based on the purchase price of the vehicle. Pltf. Resp. at 1. Plaintiff does not assert a mileage offset, rendering the actual damages calculation incorrect. As explained below, however, Plaintiff fails to carry her burden even assuming the vehicle had no mileage offset. The court, therefore, assumes for purposes of this Order, without making any related legal or factual determinations, that the actual damages Plaintiff might recover in this action is $44,956.98.

Plaintiff argues one additional damages category brings the amount in controversy to over $75,000: civil penalties. For the following reasons, however, Plaintiff fails to demonstrate that the amount in controversy under this category brings the action past the jurisdictional threshold.

### B. Civil Penalties

Plaintiff's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). Instead, district courts regularly find that a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada v. FCA USA LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where

defendant's inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence."). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, Plaintiff offers no argument or evidence supporting the potential awarding of civil penalties. Plaintiff also fails to prove "that it is reasonable to double the amount of actual damages in arriving [at] the size of the likely award." *Pennon*, 2021 WL 2208578, at *2. This is insufficient.

## CONCLUSION

The court determines Plaintiff has failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist. The court, therefore, DISMISSES the action without prejudice. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 22, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

4